**Sadie Yvonne COLEMAN, Defendant— Appellant,**

v.

**UNITED STATES of America, Plaintiff—Appellee.**

No. 05–36167.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007 *.

Filed March 19, 2007.

Sadie Yvonne Coleman, Dublin, CA, pro se.

Andrew C. Friedman, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Before: KOZINSKI, LEAVY and BYBEE, Circuit Judges.

## MEMORANDUM **

Sadie Yvonne Coleman appeals pro se from the district court's judgment denying her 28 U.S.C. § 2255 motion challenging her conviction and 120–month sentence for conspiracy, misrepresenting a Social Security number, identity theft, and bank fraud, all in violation of 18 U.S.C. §§ 371, 1028(a)(7), 1028 (b)(1)(D), and 1344 and 42 U.S.C. § 408(a)(7)(B). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Coleman contends that trial counsel's performance was ineffective because counsel failed to convey a plea offer to her, precluded her from making a meaningful and informed decision whether she should testify, failed to interview prosecution witnesses and failed to investigate potential defense witnesses.

Upon reviewing the record, we conclude that trial counsel's performance was not ineffective. See Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, a review of the record establishes that trial counsel did convey the plea offer to Coleman. Next, we conclude that trial counsel's performance in advising Coleman regarding her right to testify and the admissibility of her prior convictions was not objectively unreasonable. Finally, there is no reasonable probability that the evidence Coleman argues that counsel should have investigated prior to trial would have affected the outcome of the proceedings. Therefore, counsel was not ineffective for failing to investigate. See id. at 694, 104 S.Ct. 2052.

Furthermore, the district court did not abuse its discretion by not holding an evidentiary hearing on these allegations. See United States v. Rodrigues, 347 F.3d 818, 824 (9th Cir.2003).

We construe Coleman's briefing of an uncertified issue as a motion to expand the Certificate of Appealability. See 9th Cir. R. 22–1(e). So construed, the motion is denied. See Hiivala v. Wood, 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.